

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

EMMERICH NEWSPAPERS,
INCORPORATED

                                                                    PLAINTIFF

                                                    CAUSE NO. 3:21-cv32 KHJ-MTP

V.

                                                                    DEFENDANT

PARTICLE MEDIA, INC. D/B/A NEWS
BREAK and JOHN DOES 1 - 10

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Plaintiff EMMERICH NEWSPAPERS, INCORPORATED ("Emmerich Newspapers" or "Emmerich") by and through its attorney Wilson Carroll, PLLC, who files its complaint against Defendant PARTICLE MEDIA, INC. d/b/a News Break ("Particle Media") and certain as-yet-unknown co-conspirators and Co-Defendants (JOHN DOES 1-10) seeking compensatory and punitive damages, along with injunctive relief, for copyright infringement and related state law claims. In support Emmerich Newspapers would show the following:

### NATURE OF THE ACTION

1.      This action seeks to recover damages that Emmerich Newspapers has suffered and to prevent irreparable harm arising from Particle Media's continued willful infringement of Emmerich Newspapers' copyrights. Particle Media uses web crawlers and artificial intelligence ("AI") to systematically steal Emmerich Newspapers' stories and articles from its websites[1], strip out the ads and republish them *in toto* on Particle Media's own "News Break" web application ("app") surrounded by its own ads.

---

[1] Emmerich Newspapers owns and operates 19 daily and weekly newspapers in Mississippi, Louisiana and Arkansas, each of which maintains a website where news stories, articles and opinion pieces are also published. A complete list of subsidiaries and websites is set forth in paragraph 11, *infra*.

2.     This parasitic business model makes no pretense of transforming the stolen news stories in any manner which might constitute fair use.  Particle Media simply copies and republishes the entire story verbatim.  It makes money by substituting its own ads for the original ones, directly competing with Emmerich Newspapers for ad revenue.  And it does all of this in blatant disregard for the copyrights held by Emmerich Newspapers, which bears the substantial cost and does the hard work generating the stories. Like any parasite, Particle Media cares nothing for the long term health of the host on which it feeds, and by stealing stories and ad revenues it is contributing to the death of the local newspaper industry.

3.     Contrary to its dishonest public statements, Particle Media makes absolutely no effort to obtain the consent of the local publisher nor does it offer any compensation for the stolen work product.  And it makes no difference whether the articles in question are open for public view or hidden behind paywalls - Particle steals them all.

4.     Particle Media is not a search engine and makes no effort to drive traffic to the websites where the articles originate.  Indeed, by publishing the complete article on its own  app it makes a visit to the originating website entirely unnecessary.

## PARTIES

5.     Plaintiff Emmerich Newspapers, Incorporated is a Mississippi corporation headquartered at 246 Briarwood Dr. Suite 101, Jackson, MS 39236.

6.     Defendant Particle Media, Inc. d/b/a News Break is a Delaware corporation with headquarters at 2350 Mission College Boulevard, Santa Clara, California 95054.  It may be served with process on its registered agent, Corporation Service Company (d/b/a in California as CSC - Lawyers Incorporating Service), 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA  95833.

7.      Defendants John Does 1-10 are as yet unidentified co-conspirators, advertising firms or investors who, directly or indirectly, aided, abetted and assisted Particle Media in carrying out the wrongful acts complained of herein.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to (a) 28 U.S.C. §1331; (b) 28 U.S.C. §1332, in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs; (c) 28 U.S.C. §1338; and (d) 28 U.S.C. §1367.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(a).

10.      This Court has personal jurisdiction over the Defendant pursuant to Fed. R. Civ. Proc. 4(k)(1)(A) because Defendant does business in this district and state and Defendant supplies and transmits, or offers to supply and transmit, the News Break service to clients and potential clients in this district and state. It also has pendent jurisdiction over Plaintiff's state law claims because Defendant committed a tort, in whole or in part, in this district and state.

## FACTUAL BACKGROUND

### A.      EMMERICH NEWSPAPERS, INCORPORATED

11.      Emmerich Newspapers, Incorporated is the largest privately owned newspaper chain in Mississippi, with additional newspapers in Louisiana and Arkansas. It owns the following companies: J.O. Emmerich & Associates, Inc. which publishes the Enterprise-Journal in McComb, Mississippi; Delta Democrat Publishing, Inc. which publishes the Delta Democrat Times in Greenville, Mississippi; Commonwealth Publishing, Inc. which publishes the Greenwood Commonwealth in Greenwood, Mississippi; Delta Press Publishing, Inc. which publishes the Clarksdale Press Register in Clarksdale, Mississippi; Marion Publishing, Inc. which publishes the Columbian-Progress in Columbia, Mississippi; Yazoo Newspaper, Inc. which publishes the Yazoo

Herald in Yazoo City, Mississippi; Sunland Publishing, Inc. which publishes the Northside Sun in Jackson, Mississippi; Simpson Publishing, Inc. which publishes the Magee Courier in Magee, Mississippi and the Simpson County News; Montgomery Publishing, Inc. which publishes the Winona Times in Winona, Mississippi and the Carrollton Conservative in Carrollton, Mississippi; Franklinton Publishing, Inc. which publishes the Era-Leader in Franklinton, Louisiana; Charleston Publishing, Inc. which publishes the Charleston Sun-Sentinel in Charleson, Mississippi; the Clarion Publishing Company, Inc. which publishes the Dumas Clarion in Dumas, Arkansas;   Scott Publishing which publishes the Scott County Times in Forest, Mississippi; Clarke Publishing, which publishes the Clarke County Tribune in Quitman, Mississippi; Hattiesburg Publishing, Inc. which publishes the Pine Belt News in Hattiesburg, Mississippi; Tallulah Publishing, which publishes the Madison Journal in Tallulah, Louisiana; Louisville Publishing, Inc. which publishers the Winston County Journal in Louisville, Mississippi, the Webster Progress-Times and the Choctaw Plain Dealer; and the Enterprise-Tocsin, Inc. in Indianola, Mississippi, Grenada Star, Inc which publishes the Grenada Star; and Tate Record, Inc. which publishes the Tate Record in Senatobia, Mississippi. In addition to daily, twice-weekly and weekly newspapers, these subsidiaries also publish magazines, websites and phone books in many of their markets. The following websites owned by Emmerich Newspapers are associated with the foregoing list of newspapers:

> enterprise-journal.com
> ddtonline.com
> gwcommonwealth.com
> pressregister.com
> newtoncountyappeal.com
> northsidesun.com
> columbianprogress.com
> yazooherald.net
> simpsoncounty.ms
> sctonline.net
> hubcityspokes.com
> redhillsmsnews.com
> starherald.net
> winonatimes.com

era-leader.com
enterprise-tocsin.com
tallahatchienews.ms
clarkecountytrib.com
dumasclarion.com
madisonjournal.com
signaturemagazine.ms
Emmerichtestserver1.com

12.     In most of its markets Emmerich Newspapers is the only source of local news.  It is the only news outlet covering events at city hall and the county courthouse, and the only source of breaking news of any sort. It is the only news outlet which publishes information about arrest records and foreclosures.   It is the only news outlet covering local sports and graduation ceremonies.  It is the only source of local editorial content and the only news outlet covering local births, weddings and deaths.

13.     And they do it extremely well.   Emmerich Newspapers every year wins more editorial and advertising awards than any other newspaper company in the state. Typically, Emmerich Newspapers publications win the general excellence award in every category in which they compete. In a typical year, Emmerich Newspapers publications will win over 100 editorial and advertising awards.

14.     Like newspapers all over the country, Emmerich Newspapers has adapted to the advent of the internet.  It was one of the first publishers in Mississippi to develop online websites for its newspaper content and continues to lead the way in technical innovation.  Every single newspaper published by Emmerich Newspapers has a corresponding website which enables it to update stories in real time and receive feedback from local readers in the comments section.

**B.     PARTICLE MEDIA, INC. D/B/A NEWS BREAK**

15.     Particle Media, Inc. designs and develops internet web applications. "The Company offers news application [sic.] that provides personalized content, stories, local news, news digests, articles, and

offline access. Particle Media serves customers worldwide."[2]   Upon information and belief, "News Break" is Particle Media's most important and profitable app.

16.   At LinkedIn, Particle Media describes News Break as "the Nation's #1 Intelligent Local News Platform. We connect and empower local users, local content creators, and local businesses at scale, helping people everywhere live safer, more vibrant, more truly connected lives."[3]   It goes on to describe its remarkable growth:

> Since its founding in 2015, News Break has grown by leaps and bounds. We are now the #1 news app on both iOS and Android in the United States. With 11M+ daily active users and 23M+ monthly users (data source: App Annie), we're also ahead of all major news apps such as The New York Times, The Washington Post, CNN, Yahoo News, SmartNews, and Flipboard.

Id.

17.   Particle Media falsely claims that its growth has been achieved through *cooperation* with local publishers, suggesting that it has obtained permission to publish the stories it steals from them -- "By *forging close partnerships* with thousands of local publishers and businesses around the country, News Break's priority is to help a new generation of readers find and engage with vital, locally published content and information."  Id. (emphasis added).  In fact, no such "partnership" has ever been established or proposed with Emmerich Newspapers nor, upon information and belief, with any other local publisher whose articles are scooped up by Particle Media's AI browser. Far from cooperating, Particle Media directly and dishonestly *competes* with local publishers.

18.   After downloading the News Break app new users are prompted to provide their location information.  This enables the app to precisely tailor the local news stories which "pop up." The user also has the option of expanding the universe of stories by adding additional localities of interest.  All of the stories which then appear have been culled from websites for news publishers within the geographic areas defined by the user.  News Break aggressively promotes these

---

[2] https://www.bloomberg.com/profile/company/1646627D:US
[3] https://www.linkedin.com/company/particle-media-inc-

purloined new stories by providing regular alerts on the user's smartphone or tablet device, offering

appearing before any other apps have been opened.

19.     When the reader clicks on an alert he is directed to the News Break app which

contains scores, if not hundreds, of locally produced news stories stolen by Particle Media. As the

user scrolls down he is presented (along with snippets of the local news stories) with a steady

stream of paid ads or sponsored content.   This is how Particle Media makes its money. Upon

information and belief, these ads and paid content are tailored to the reader's profile which has

been developed by either Google or another source, providing targeted marketing which is

unavailable to local publishers who choose not to use Google's ad services -- a significant unfair

advantage for Particle Media.

20.     Of critical importance, the snippet does not lead to the website of the local publisher

which generated the story in question.  Instead, it leads to a facsimile of the story which has been

stolen and retrofitted by Particle Media, grabbing all of the local news content while eliminating

most, if not all, of the local ads which are the lifeblood of the local publishers.

21.     After reading the entire story on the News Break app, the reader has no reason at all

to click through to the website where the story was originally posted and, while there, to see the ads

placed by Emmerich's clients.  Copies of typical News Break stories are attached as collective

Exhibit "A", along with the original stories from Emmerich Newspaper websites, clearly

demonstrating the manner in which Plaintiff's ads are stripped away and replaced with Particle

Media's ads.  If allowed to continue, this business model will decimate the local news industry.

22.     Particle Media performs no journalistic function at all. It does not take information

from Emmerich Newspapers' stories and revise or incorporate that information into new articles of

its own creation. It merely copies 100% of Emmerich Newspapers' content *verbatim* and serves that

content directly back to Emmerich Newspapers' own customers or potential new customers, only

without Emmerich's ads.  Particle Media does not "break" news or extract breaking facts from the articles it distributes.

23.     News Break is not a search engine.  It does not promote or improve access to any complete, linked news story.  The extent to which it takes and regurgitates copyrighted material is vastly greater than that normally done by traditional search engines such as Google or Bing.  News Break does not prominently display a query feature and it doesn't provide limited amounts of copyrighted material in response to queries.   It provides the entire article which it actively promotes, verbatim, negating any need for the reader to click through to the actual source of the information.  It does not transform the article in any way which would constitute fair use. Instead of driving readers to the publishers' websites, it acts as a substitute for those sites and hijacks readers who would otherwise go there.

24.     Particle Media competes directly with Emmerich Newspapers for advertising clients and revenues.  Ads for a number of Emmerich Newspapers' advertising clients can be found on the News Break app, but the revenue in such cases flows to Particle Media instead of to Emmerich Newspapers.  Emmerich Newspapers has lost advertisers to Particle Media as a direct result of Particle Media's wrongful acts.

## C.     PARTICLE MEDIA'S INFRINGEMENT OF EMMERICH NEWSPAPERS' COPYRIGHTS

25.     All news stories published by Emmerich Newspapers are original works of authorship subject to copyright protection.  Emmerich Newspapers owns the copyright to all stories published on its websites. As the copyright owner, Emmerich Newspapers has the exclusive right to, *inter alia*, reproduce, distribute, display and/or prepare derivative works based on those stories.

26.     Emmerich Newspapers has filed for or obtained copyright registrations for the articles listed below (the "Registered Articles").   Additional copyright registrations have been (or are in the process of being) filed at the time of filing of this Complaint and will be incorporated

herein when the registrations are received. True and correct copies of the Registered Articles listed below and their corresponding copyright registrations or applications are attached in collective Exhibit "A".

| Article PDF # | Date | Website | Headline |
|---|---|---|---|
| 1 | 7/31/20 | *Winona Times* | "Carroll County School District To Start August 13" |
| 2 | 8/4/20 | *Greenwood Commonwealth* | "County Will Pursue More Virus Aid" |
| 3 | 8/4/20 | *Greenwood Commonwealth* | "Some School Board Members Waiting To Make Decision On Fall Sports Vote" |
| 4 | 8/4/20 | *Greenwood Commonwealth* | "Pillow Grad Enjoys Job In AC Repair" |
| 5 | 8/4/20 | *McComb Enterprise Journal* | "City Puts New Water Billing System To Use" |
| 6 | 8/4/20 | *McComb Enterprise Journal* | Uptown Mall Wants Downturn In Taxes |
| 7 | 8/4/20 | *McComb Enterprise Journal* | Virus Hospitalizations Down, But Cases Continue To Surge |
| 8 | 7/31/20 | *Clarksdale Press Register* | Citizen Tip Leads To Drug Arrest |
| 9 | 7/30/20 | *Clarksdale Press Register* | MSU Extension Collecting Unsolicited Seeds |
| 10 | 7/27/20 | *Clarksdale Press Register* | Police Chase Ends In Felony Charges |
| 11 | 8/4/20 | *Newton County Appeal* | What Are The Chances I Might Die From This Virus? |
| 12 | 7/31/20 | *Newton County Appeal* | ECCC Announces 2020 Cosmetology Graduates |
| 13 | 8/4/20 | *Newton County Appeal* | NCSD Sets Rules as Schools Reopen |
| 14 | 7/30/20 | *The Northside Sun* | New Development Planned for Downtown Madison; To Include Retail, Offices, Dining |
| 15 | 7/23/20 | *The Northside Sun* | Ranis and Tharp Married March 15 at Reservoir |

26.     Particle Media willfully and intentionally stole each and every article listed above, stripped out the ads, and republished them verbatim on its News Break app.

27.     Particle Media's acts described above constitute willful infringement of Emmerich Newspapers' copyrights in the registered articles. Furthermore, through similar acts and practices, Particle Media has infringed Emmerich Newspapers' copyrights in other, unregistered stories thousands of times. Particle Media's use of the articles is not fair use and inflicts significant harm on Plaintiff's market for its original works.

28.     Particle Media's infringing actions are continuing and will continue in the future unless they are enjoined from stealing Emmerich Newspapers' intellectual property.

## CLAIMS FOR RELIEF

### COUNT I - Copyright Infringement (17 U.S.C. §101 et seq.)

29.     Emmerich Newspapers repeats and realleges each and every allegation above as if fully set forth herein.

30.     The Registered Articles are original, creative works and copyrightable subject matter under the laws of the United States.

31.     Emmerich Newspapers is the owner of valid copyrights in the Registered Articles, or has applied for such ownership, and the Register of Copyrights has issued valid Certificates of Registration as indicated in Exhibit "A". To the extent registrations have been applied for but not yet issued, it is indisputable that Emmerich is the copyright owner.

32.     Emmerich Newspapers has complied in all respects with 17 U.S.C. §§101, et seq., and has secured, or is in the process of securing, the exclusive rights and privileges in and to the copyrights in its news articles and stories.

33.     By its actions alleged above Particle Media  has infringed and will continue to infringe Emmerich Newspapers's copyrights in and relating to Emmerich Newspapers' reporting

and content by, *inter alia*, reproducing, distributing and publicly displaying such copyrighted work without any authorization or other permission from Emmerich Newspapers.

34.    Particle Media's infringement of Emmerich Newspapers's copyrights has been deliberate, willful and in utter disregard of Emmerich Newspapers' rights.

35.    Upon information and belief, as a direct and proximate result of its wrongful conduct, Particle Media has obtained benefits, including, but not limited to, ad revenues and investments in the company to which Particle Media is not entitled.

36.    As a direct and proximate result of Particle Media's wrongful conduct, Emmerich Newspapers has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Particle Media will cause further irreparable injury to Emmerich Newspapers.

37.    Emmerich Newspapers is entitled to injunctive relief enjoining Particle Media, its agents and employees, and all persons acting in concert or participation with it, from engaging in any further infringement of Emmerich Newspapers's copyrighted reporting and content.

38.    Emmerich Newspapers is further entitled to recover from Particle Media the damages, including attorneys' fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Particle Media as a result of the acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Emmerich Newspapers, but will be established according to proof at trial.   ,

39.    Emmerich Newspapers is also entitled to recover statutory damages for Particle Media's willful infringement of its copyrights.

**COUNT II - State Law Claim - Tortious Interference with Business Relationship**

40.    Emmerich Newspapers repeats and realleges each and every allegation above as if fully set forth herein.

41.     Particle Media willfully and intentionally interferes with the business relationship existing between Emmerich Newspapers and its advertisers who pay ad revenues to Emmerich based on the assurance that their ads, posted alongside articles in Emmerich Newspaper publications, will reach a certain guaranteed number of readers.

42.     Particle Media willfully, intentionally and systematically deletes and removes the ads which Emmerich's clients pay to run alongside Emmerich's articles, and replaces those ads with ads placed by other businesses, some of whom have no relationship with Emmerich Newspapers and some of whom actually compete with Emmerich's advertisers.

43.     Particle Media willfully, intentionally and systematically poaches readers who would otherwise view the ads placed by Emmerich's advertiser's on Emmerich's websites. Once readers have read an entire article on News Break, they have no reason to view the same article again on Emmerich's website. As a result, Particle Media reduces the value of Emmerich's ads by reducing the number of actual or potential viewers, and cheats Emmerich's advertisers out of the benefit of their bargain. This directly reduces the incentive for advertisers to purchase ads in Emmerich Newspapers.

44.     Additionally, Particle Media accepts and runs ads by existing clients of Emmerich Newspapers, with the unfair competitive advantage that such ads are strategically targeted to viewers identified by Google (or a similar firm) as likely buyers. But for Particle Media's wrongful actions, such advertisers would continue to advertise with Emmerich Newspapers. Such advertisers will have no reason or incentive to run ads with Emmerich Newspapers when they know their ads can run in association with the same articles while being strategically targeted to receptive consumers by Particle Media and the marketing firms which place ads on its app.

45.     Through the illegal practices described above, Particle Media (and as yet unidentified firms working with it) willfully and intentionally syphon ad revenues away from Emmerich Newspapers into their own pockets.

46.     The acts of Particle Media were and are willful or malicious, and reflect gross and reckless disregard for the rights of Emmerich Newspapers, entitling Emmerich Newspapers to actual and punitive damages.

### COUNT III - State Law Claim - Civil Conspiracy

47.     Emmerich Newspapers repeats and realleges each and every allegation above as if fully set forth herein.

48.     Particle Media acts in concert and conspiracy with as-yet-unknown third parties who are paid to strategically market the purloined articles to other advertisers (or, in some cases, to Emmerich's own advertisers).

49.     Particle Media regularly commits unlawful overt acts by repeatedly and systematically violating Emmerich's copyrights, and its co-conspirators aid and abet this unlawful practice by assisting Particle Media in identifying and placing ads with other advertisers.

50.     Particle Media's unknown co-conspirators have earned substantial profits from this unlawful conspiracy and should be held jointly liable with Particle Media for the damages incurred by Emmerich.

### COUNT IV - State Law Claim - Unjust Enrichment

51.     Emmerich Newspapers repeats and realleges each and every allegation above as if fully set forth herein.

52.     Emmerich Newspapers incurs substantial expense producing and distributing to customers its premium daily and weekly up-to-the-minute news reporting and commentary.

53.     The value of much of Emmerich Newspapers's product is time sensitive. Particle Media, Inc. offers Emmerich Newspapers content to consumers before Emmerich Newspapers has had a chance to fully distribute its content to its consumers through authorized sources.

54.     Particle Media, Inc. is unjustly enriched by wilfully and intentionally procuring and distributing Emmerich Newspapers' valuable content to the same consumers that Emmerich Newspapers target. Particle Media, Inc. wrongfully conveys the appearance that it is a legitimate distributor of Emmerich Newspapers' content, intentionally misleading consumers to believe that there is a connection or association between Emmerich Newspapers and Particle Media, Inc. where there is none.

55.     If Particle Media, Inc. is allowed to continue its unlawful activities it will be unjustly enriched and substantially reduce Emmerich Newspapers' incentive and ability to produce new content, jeopardizing both the quality and the quantity of premium news reporting available to consumers.

56.     Particle Media, Inc. has acted willfully, in bad faith, and without regard for Emmerich Newspapers's rights.

57.     Emmerich Newspapers has suffered and will continue to suffer immediate, severe, and irreparable harm to its business and reputation. Emmerich Newspapers has no remedy at law that will adequately address all of the past and continuing harm it has and will suffer as a result of Particle Media, Inc.'s past and continuing conduct.

### COUNT VI - State Law Claim - Punitive Damages

58.     Emmerich Newspapers repeats and realleges each and every allegation above as if fully set forth herein.

59.     Particle Media and its co-conspirators' wrongful actions were willful, wanton and justify the imposition of punitive damages under Mississippi law. They acted with actual malice,

14

gross negligence which evidences a willful, wanton or reckless disregard for the safety and rights of others, and/or committed actual fraud.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Emmerich Newspapers, Incorporated respectfully requests judgment against Defendant Particle Media as follows:

A.     Find that Particle Media has infringed Emmerich Newspapers's copyrights in the Registered Articles;

B.     Find a substantial likelihood that Particle Media will continue to infringe Emmerich Newspapers's intellectual property unless enjoined from doing so;

C.     Issue a preliminary and permanent injunction enjoining Particle Media and its agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with it, from directly or indirectly infringing Emmerich Newspapers' copyrights, including, but not limited to, reproducing, distributing or publicly displaying any of Emmerich Newspapers' reporting or content in connection with any service offered by Particle Media and from engaging in further acts of misappropriation, and from participating or assisting in any such activity;

D.     Order Particle Media to render a full and complete accounting to Emmerich Newspapers for Particle Media's profits, gains, advantages or the value of the business opportunities received from the foregoing acts of infringement;

E.     Enter judgment for Emmerich Newspapers against Particle Media for all damages suffered by Emmerich Newspapers and for any profit or gain by Particle Media attributable to infringement of Emmerich Newspapers's intellectual property in amounts to be determined at trial;

F.     Enter judgment for Emmerich Newspapers against Particle Media for statutory damages based upon Particle Media's willful acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.;

G.     Enter judgment for Emmerich Newspapers against Particle Media for punitive damages in amounts to be determined at trial;

H.     Award Emmerich Newspapers costs and disbursement of this action, including reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505;

I.     Award Emmerich Newspapers pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

J.     Grant such other, further and different relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Emmerich Newspapers demands a trial by jury on all issues so triable in this action.

RESPECTFULLY SUBMITTED, this the 15 day of January , 2021.

EMMERICH NEWSPAPERS, INCORPORATED

BY: /s/ Wilson H. Carroll
Wilson H. Carroll (MSB#5894)

OF COUNSEL:
Wilson H. Carroll
WILSON CARROLL, PLLC
2506 Cherry Street
Vicksburg, Mississippi  39180
(601)953-6579
wilson@wilsoncarroll.com