# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **EMMERICH NEWSPAPERS, INCORPORATED** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:21-CV-32 KHJ-MTP** |
| **PARTICLE MEDIA, INC. D/B/A NEWS BREAK and JOHN DOES 1-10** | **DEFENDANT** |

### OBJECTIONS OF DEFENDANT PARTICLE MEDIA, INC. TO PLAINTIFF'S NOTICE OF 30(B)(6) DEPOSITION

Defendant Particle Media, Inc. objects to Plaintiff's Notice of 30(b)(6) Deposition [Doc. 40] as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Notice of 30(B)(6) Deposition to the extent it calls for disclosure of information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable exemption from disclosure.

2. Defendant objects to the Notice of 30(B)(6) Deposition as overbroad, duplicative, and unduly burdensome to the extent it seeks information already provided to Plaintiff through Defendant' production of documents, disclosures, and responses to interrogatories.

3. Defendant objects to the Notice of 30(B)(6) Deposition as vague and ambiguous to the extent the Notice relies upon terms that are subject to varying interpretations and those terms are not defined in the Notice. Defendant objects to any and all undefined terms in Plaintiff's list of 30(b)(6) topics that render such area of inquiry vague, ambiguous, and/or overly broad.

5. Each of these General Objections applies to each individual topic of the Notice of 30(B)(6) Deposition. The fact that Defendant has agreed to respond to any matter or topic identified in the Notice of 30(B)(6) Deposition shall not be construed as a waiver of any objection.

6. Defendant incorporates by reference and adopts its responses to discovery propounded by Plaintiff, as well as any and all objections contained therein.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. **Topic 10.** The affirmative defense of "Innocent Infringer."

**RESPONSE TO TOPIC NO. 10:** Defendant objects to this topic to the extent it calls for legal conclusions.

2. **Topic 11.** The affirmative defense of "substantial non-infringing use."

**RESPONSE TO TOPIC NO. 11:** Defendant objects to this topic to the extent it calls for legal conclusions.

3. **Topic 12.** The affirmative defense of "implied license."

**RESPONSE TO TOPIC NO. 12:** Defendant objects to this topic to the extent it calls for legal conclusions.

4. **Topic 18.** The organizational structure of Particle Media, Inc., including its parent corporation(s), subsidiaries, affiliates, owners, directors, board members, CEO and any other corporate officers.

**RESPONSE TO TOPIC NO. 18:** Defendant objects to this topic on the grounds that it is irrelevant, overly broad and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant is a single entity. There is no parent company, and

there is no one person who controls the company. Defendant will provide Plaintiff with information regarding Defendant's subsidiaries, affiliates, directors, board members, CEO and corporate officers.

Respectfully submitted, this the 7th day of January, 2022.

>Respectfully submitted,
>
>**PARTICLE MEDIA, INC.**
>
>By:    s/ *Stephen J. Carmody*
>One of its Attorneys

OF COUNSEL:

Stephen J. Carmody, MSB #8345
Karen E. Howell, MSB #102243
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone:    (601) 948-3101
Facsimile:    (601) 960-6902
scarmody@brunini.com
khowell@brunini.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of this Court using the ECF system, which sent notification of such filing to all registered users.

Dated: January 7, 2022.

>*s/ Stephen J. Carmody*
>Stephen J. Carmody