UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EMMERICH NEWSPAPERS, INCORPORATED  PLAINTIFF

V.  CIVIL ACTION NO. 3:21-CV-32-KHJ-MTP

PARTICLE MEDIA, INC. D/B/A NEWS BREAK and JOHN DOES 1-10  DEFENDANTS

ORDER

This action is before the Court on Defendant Particle Media, Inc.'s Motion to Dismiss [29] copyright infringement claims for unregistered works and state law claims from Plaintiff Emmerich Newspapers, Inc.'s Amended Complaint [23]. For the reasons below, the Court grants the motion.

I. Facts and Procedural History

Plaintiff Emmerich Newspapers, Incorporated is "the largest privately owned newspaper chain in Mississippi, with additional newspapers in Louisiana and Arkansas." [23] at 3. Emmerich asserts that it is "the only source of local news" for most of the markets it serves. *Id.* at 5. To serve the online market, "[e]very single newspaper published by Emmerich [] has a corresponding website which enables it to update stories in real time and receive feedback from local readers in the comments section." *Id.*

Defendant Particle Media developed "NewsBreak," a web application that compiles "a personalized news feed including local, national, and international

news, and provides a forum for [] users to engage with such news stories." Mem. in Support of Mot. to Dismiss [30] at 3. "After downloading the [NewsBreak] app[,] new users are prompted to provide their location information" so the app's algorithm can gather local news stories. [23] at 6. Emmerich alleges the stories that appear for the user are compiled from local news publishers' websites within the user's specified geographic areas. *Id.* at 6–7. After, Emmerich claims NewsBreak delivers "regular alerts on the user's smartphone or tablet device." *Id.* at 7. "When the reader clicks on the alert[,] he is directed to the [NewsBreak] app which contains scores, if not hundreds, of locally produced news stories." *Id.* "As the user scrolls down he is presented (along with portions of the local news stories) with a steady stream of paid ads or sponsored content." *Id.* Emmerich alleges that these ads are how NewsBreak makes its money. *Id.*

According to Emmerich, Particle Media republished Emmerich's news stories and articles on its NewsBreak application. [30] at 3 (citing [23]). Because readers consume the entirety of stories on the NewsBreak app, they allegedly have no reason to visit the original publisher's website and thereby deprive the original creators of their ad revenue. [23] at 7–8.

Emmerich brought claims against Particle Media for copyright infringement of both registered and unregistered copyrights under 17 U.S.C. § 101, and for various state law claims including tortious interference with business relationship, civil conspiracy, and unjust enrichment. *Id.* at 10, 12–15. Emmerich also seeks punitive damages. *Id.* at 15. Particle Media moves to dismiss Emmerich's copyright

infringement claims—to the extent that they are based on unregistered works—as well as Emmerich's state law claims, claiming that the Copyright Act preempts them. [29] at 1.

II. Standard

In reviewing a motion under Rule 12(b)(6), the court must consider whether the complaint states a valid claim for relief, viewing all evidence in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court may consider documents incorporated into the complaint by reference. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citations omitted).

III. Analysis

A. Copyright Claims

Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claims has been made." While authors gain exclusive rights to their works upon creation, § 411 acts as "an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Est. Pub. Ben. Corp.*

*v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). Registration occurs when the Copyright Office registers the copyright, not when the owner applies. *Id.* at 890–92.

Emmerich asserts claims of infringement based on both registered and unregistered copyrights. [23] ¶¶ 30–31. Emmerich's unregistered copyrights cannot support independent copyright infringement claims. *See Fourth Est. Pub. Ben. Corp.*, 139 S. Ct. at 892 (§ 411 "requires owners to await action by the Register before filing suit for infringement"). Accordingly, the Court dismisses all claims seeking relief based solely on infringement of unregistered copyrights.

This does not foreclose Emmerich's request for injunctive relief prospectively restraining infringement of unregistered and future copyrights. *See id.* at 15. While unregistered copyrights may not be the basis of an infringement claim before registration, nothing precludes the Court from issuing an injunction to prevent their infringement in a suitable circumstance. *See* 17 U.S.C. § 502 (a). District courts have the power to issue injunctions preventing the infringement of all copyrights "not necessarily the registered copyright that gave rise to the infringement action." *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984); *see also Olan Mills Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (observing that injunctions can protect both non-existent and unregistered copyrights). The statute broadly contemplates that the Court may grant final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of *a* copyright." 17 U.S.C. § 502 (a) (emphasis added). And registration itself "is not a condition of copyright protection," 17 U.S.C. § 408 (a), it is a

requirement necessary to instigate suit to enforce specific ownership rights, *Fourth Est. Pub. Ben. Corp.*, 139 S. Ct. at 887.

"Where . . . liability has been determined adversely to the infringer, there has been a history of continuing infringement and a significant threat of future infringement remains, [Courts may] permanently enjoin the future infringement of works owned by the plaintiff but not in suit." *Walt Disney Co. v. Powell*, 897 F.2d 565, 568 (D.C. Cir. 1990) (citation omitted). At this stage, Emmerich states a copyright infringement claim that could give rise to injunctive relief restraining Particle Media from infringing on more than just the registered copyrights underlying this lawsuit. While the Court dismisses the unregistered copyright infringement claims, it retains Emmerich's registered copyright infringement claims and its entire prayer for injunctive relief.

    B.  State Law Claims

Emmerich brings state law claims for tortious interference with business relations, unjust enrichment, and civil conspiracy. [23] ¶¶40–57. Particle Media moves to dismiss each, arguing that the Copyright act preempts them. [30] at 8–9.

The Copyright Act preempts state law claims falling within the general scope of federal copyright law. *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs.*, 965 F.3d 365, 377 (5th Cir. 2020) (citation omitted); *see also* 17 U.S.C. § 301(a). The Fifth Circuit employs a two-part test to determine whether a state law claim is preempted: preemption occurs where (1) the state claim "falls within the subject matter of copyright" under 17 U.S.C. § 102; and (2) the cause of action "protects

rights that are 'equivalent' to the exclusive rights" found in § 106. *Digital Drilling Data Sys., L.L.C.*, 965 F.3d at 377–78 (cleaned up). A cause of action is not equivalent if the state law claim protects rights of a different nature or, in other words, requires "one or more qualitatively different elements." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999). Mens rea elements do not count as qualitatively different elements for purposes of copyright preemption. *See Spear Mktg. v. BancorpSouth Bank,* 791 F.3d 586, 598 (5th Cir. 2015).

> i. Tortious Interference with Business Relationships

A tortious interference with business relations claim requires a plaintiff to prove that

> (1) the [Defendant's] acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual damage and loss resulted.

*Wong v. Stripling*, 700 So. 2d 296, 303 (Miss. 1997).

Emmerich alleges that Particle Media interferes with its relationship with advertisers by "poach[ing]" readers "who would otherwise view ads . . . on Emmerich's website." [23] ¶¶41–43. Particle Media argues that the Copyright Act preempts this claim. *See* Reply [36] at 10–11. The Court agrees.

The elements Emmerich cites to distinguish its tortious interference claim from copyright infringement—"willful and intentional acts," "calculated to cause damage," and done "without right or justifiable cause"—are not qualitatively different elements under *Alcatel USA, Inc.* To start, the cited tortious interference

6

elements impose specific intent mens rea requirements. To the extent they do not, the elements require actual damages to result, meaning something recoverable in a copyright infringement action. *See* 17 U.S.C. § 504 (b). As the Amended Complaint makes clear, the broadly stated acts of "poaching readers" and "syphoning ad revenues" come to fruition through Particle Media's unauthorized *reproduction* of articles on News Break. *See* [23] ¶ 43. The loss of business relations results from the alleged exercise of Emmerich's exclusive rights under § 106, specifically the right to reproduce copyrighted works. 17 U.S.C. § 106(1). In this context, the Copyright Act preempts Emmerich's tortious interference claim. *See M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 789 (S.D. Tex. 2010) (To the extent tortious interference claim is based on losing business "that would otherwise flow from its exclusive use of [copyrightable material]," it is preempted). The Court dismisses Emmerich's tortious interference with business relationships claim.

      ii.  Unjust Enrichment

An unjust enrichment claim is an equitable claim through which a plaintiff seeks restitution damages for monies or benefits mistakenly paid to the defendant. *Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012). Unjust enrichment only applies "where there is no legal contract and the 'person sought to be charged is in possession of money or property which in good conscience and justice he should not retain.'" *Miss. Dep't of Env't. Quality v. Pac. Chlorine, Inc.*, 100 So. 3d 432, 442 (Miss 2012) (quoting *Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005)).

Emmerich's Amended Complaint alleges that the procurement and distribution of Emmerich's articles unjustly enriches Particle Media. [23] ¶ 54. The only property Particle Media conceivably retains is money derived from unauthorized distribution of copyrightable subject matter. *See id.* In this context, the unjust enrichment claim seeks to protect equivalent rights found in § 106, namely, the rights to reproduce, distribute copies to the public, and display the copyrighted work publicly. *See* 17 U.S.C. § 106 (1), (3), (5). To the extent that an unjust enrichment claim seeks compensation for monies derived from infringement upon Emmerich's exclusive rights in the Copyright Act, it is preempted. *See, e.g.*, *Recursion Software, Inc. v. Interactive Intel., Inc.*, 425 F. Supp. 2d 756, 768–69 (N.D. Tex. 2006) (compiling cases). Because federal law preempts Emmerich's claim for unjust enrichment, the Court dismisses the claim.

   iii. Civil Conspiracy

To state a claim for civil conspiracy, Emmerich must show "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Carson v. Linley,* 292 So. 3d 212, 217 (Miss. 2020) (citation omitted). Civil conspiracy necessarily requires the performance of some unlawful or tortious act before liability can extend to agreeing parties. Likewise, the Copyright Act extends secondary liability via well-established common law principles to those who induce, encourage, or profit from another's

infringement. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31 (2005) (describing contributory and vicarious infringement).

Emmerich's civil conspiracy claim must rely on some independently tortious or wrongful action. The only remaining alleged unlawful action Emmerich asserts is copyright infringement. Indeed, Emmerich's Amended Complaint only points to infringement as the basis for his civil conspiracy claim. [23] ¶ 49. While the Fifth Circuit has not directly addressed whether the Copyright Act preempts state civil conspiracy claims arising from copyright infringement, sister circuits have answered in the affirmative. *See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.,* 682 F.3d 292, 311–12 (4th Cir. 2012). Civil conspiracy to infringe on a copyright is a claim that protects rights and asserts claims equivalent to those under the Copyright Act. The Court dismisses the claim.

C. Punitive Damages

The Court has dismissed all state law claims. Because punitive damages are not recoverable in statutory copyright infringement actions, the Court both dismisses punitive damages as a separate claim and strikes it from the prayer for relief. *See Brickey v. Amazon.com, Inc.*, No. SA-13-CA-961-XR, 2014 WL 297979, at *1–2 (W.D. Tex. Jan. 27, 2014) (citing *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983); *Bucklew v. Hawkins, Ash, Baptie & Co., L.L.P.*, 329 F.3d 923, 931 (7th Cir. 2003)) (citations omitted).

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court GRANTS Defendant Particle Media's Motion to Dismiss [29]. Because the Copyright Act preempts the state law claims, the Court dismisses Emmerich's claims for tortious interference with business relations, unjust enrichment, and civil conspiracy. The Court further dismisses Emmerich's copyright infringement claims based on unregistered copyrights and punitive damages claims. What remains is Emmerich's copyright infringement action for his registered copyrights.

SO ORDERED AND ADJUDGED this the 21st day of March, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE