UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EMMERICH NEWSPAPERS, INCORPORATED                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:21-CV-32-KHJ-MTP

PARTICLE MEDIA, INC. d/b/a NEWS
BREAK and JOHN DOES 1-10                                                             DEFENDANTS

ORDER

Before the Court are Defendant Particle Media, Inc.'s ("Particle Media") Motions to Exclude Expert Testimony of Wyatt Emmerich [59] and Gregory Griffith [61]. For the reasons below, the Court grants Particle Media's motion as to Emmerich's testimony, precludes Emmerich from testifying as an expert, and denies Particle Media's motion as to Griffith's testimony.

I.   Background

This case is about Defendant Particle Media's alleged copyright infringement of Plaintiff Emmerich Newspapers, Inc.'s ("Emmerich Inc.") news articles. Emmerich Inc. owns and operates local newspapers in Mississippi, Louisiana, and Arkansas. Am. Compl. [23] ¶¶ 5, 11. Particle Media is a corporation that developed and owns a website and application ("app") called NewsBreak. Decl. of Robert Mazzola [61-1] ¶ 3. NewsBreak indexes and links third-party news content, allowing users to easily find content that interests them. *Id.*

At all times relevant to this lawsuit, Particle Media collected thousands of Emmerich Inc.'s articles for use on its NewsBreak app. Decl. of Robert Mazzola [65-1] ¶ 8; Dep. Particle Media [67-1] at 65-68. The app displayed those articles in two forms. First, the app displayed 33,966 articles as "snippets," containing the headline, a thumbnail image, and the first words of the article. [65-1] ¶¶ 4, 8; [67-1] at 67. Those snippets were supposed to serve as links to Emmerich Inc.'s websites. *See* [65-1] ¶ 5. Second, around 17,000 articles were published in their entirety on the NewsBreak app. [67-1] at 67. The parties disagree as to whether display of the full articles was willful or inadvertent.

In August 2020, Emmerich Inc. registered nine of its articles with the United States Copyright Office. *See* Registrations [65-3]. Each article previously appeared on the NewsBreak app as a snippet, and some also appeared in full text. [65-1] ¶ 10. Emmerich Inc. filed suit against Particle Media in January 2021, bringing many state law claims, federal copyright claims, and claims for permanent injunctive relief. Compl. [1]. The Court dismissed the state law claims and federal copyright claims for any unregistered works [55], as well as the claims for permanent injunctive relief [84]. Only the federal copyright claims for the nine registered articles remain.

After the parties cross-moved for summary judgment, the Court held that Particle Media could not present a fair use defense for any full-text republications of Emmerich's articles. Order [84]. The only issue remaining for trial, therefore, is whether the fair use doctrine protects Particle Media's publications of the snippets

of Emmerich Inc.'s articles. *Compare* Def.'s Mem. Supp. Mot. Summ. J. [66], *with* Pl.'s Mem. Supp. Mot. Summ. J. [68]. Particle Media seeks to exclude the expert testimony of Wyatt Emmerich and Gregory Griffith.

II. Standard

An expert qualified by "knowledge, skill, experience, training, or education" may provide opinion testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district judge acts as a "gatekeeper" to ensure that any evidence admitted under FRE 702 is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). This role is "a flexible one," and there is no "definitive checklist or test" that a judge must follow in every case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (quoting *Daubert*, 509 U.S. at 594). Rather, "the gatekeeping inquiry must be 'tied to the facts' of a particular case." *Id.* (quoting *Daubert*, 509 U.S. at 591).

III. Analysis

Particle Media filed two motions to exclude the expert testimony of Wyatt Emmerich and Gregory Griffith. The Court examines each motion in turn.

A. Testimony of Wyatt Emmerich

Particle Media seeks to exclude any testimony from Mr. Emmerich about (1) Emmerich Inc.'s actual damages, (2) legal conclusions concerning the fair use doctrine, and (3) whether Particle Media is a search engine or news aggregator. Def.'s Mem. Supp. Mot. Exclude Test. Wyatt Emmerich [60].

i. Testimony About Emmerich Inc's Actual Damages

In its Supplemental Designation of Expert Testimony [34], Emmerich Inc. proposed to offer expert testimony from Mr. Emmerich on Emmerich Inc.'s actual damages, including that:

1) Particle Media's actions led directly to a loss of advertising revenue for Emmerich Inc.;

2) [Emmerich Inc.] lost advertisers and ad revenues as a result of Particle Media's actions;

3) Particle Media's removal of ads from stories published on Emmerich Inc.'s website reduces the value of those ads and diminishes Emmerich Inc.'s ability to generate revenue from ads moving forward; and

4) actual damage caused by Particle Media's actions can be determined by calculating the value of the ads stripped out by Particle [Media] before republishing those articles on NewsBreak, and/or by calculating the value of the ads which NewsBreak places alongside the purloined Emmerich [Inc.] articles.

[34] at 2-3. But in its response to Particle Media's Motion to Exclude [72], Emmerich Inc. concedes that actual damages are irrelevant because it is solely seeking statutory damages. [72] at 1 ("Emmerich has already confirmed that it intends to seek statutory damages. Therefore, that portion of Particle's motion is moot.").

4

Furthermore, earlier Particle Media filed a Motion to Strike [53] Mr. Emmerich's testimony on actual damages. In that motion, Particle Media argued Emmerich Inc. failed to timely submit its damages calculations and provide all documents and information on which it relied in making its calculations. *Id.* at 1; [54]. After the Court dismissed Emmerich Inc.'s state law claims and copyright claims related to the unregistered articles, Emmerich Inc. responded to Particle Media's Motion to Strike [56] by withdrawing its actual damages calculations. The Magistrate Judge later denied Particle Media's Motion to Strike as moot. [57]. Based on Emmerich Inc.'s withdrawal and the Magistrate Judge's ruling, the Court concludes Emmerich Inc. is estopped from presenting evidence of actual damages at trial.

Because Emmerich Inc. has confirmed that it will only be seeking statutory damages and has suggested it will no longer seek to offer expert testimony from Mr. Emmerich on actual damages, the Court grants Particle Media's Motion to Exclude Mr. Emmerich's expert testimony on actual damages.

      ii.    Legal Conclusions about the Fair Use Doctrine

Emmerich Inc. also proposes to offer expert testimony from Mr. Emmerich that "Particle [Media]'s practices do not meet the definition of fair use, focusing on the four factors recognized by courts in analyzing the question." [34] at 3. Emmerich Inc. concedes that Mr. Emmerich is "not qualified to render an opinion that consists of legal conclusions . . . since obviously that is beyond the purview of any expert witness." [72] at 2. Nevertheless, it seeks to have Mr. Emmerich provide his opinion

5

"on the various criteria which go into determining whether fair use applies." *Id.* And when asked in his deposition whether Mr. Emmerich thinks it is appropriate to give his legal opinion about fair use, he stated, "Yes . . . [because] I have extensive knowledge through reading of court cases and various copyright laws about what is permissible and what is not permissible." [59-7] at 3.

Expert testimony "is not objectionable because it embraces an ultimate issue." Fed. R. Evid. 704. But "[e]xperts cannot 'render conclusions of law' or provide opinions on legal issues." *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)). "[F]air use is a mixed question of law and fact." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021) (citation omitted).

Mr. Emmerich cannot testify about any legal issues regarding fair use. This includes any attempt to testify about his "knowledge" of court cases and various copyright laws about fair use. Additionally, although Mr. Emmerich may testify about the factual elements of the fair use issue, he may not do so as an expert. *See* Fed. R. Evid. 701. Rather, Mr. Emmerich may testify as a lay witness based on his personal knowledge and own perceptions of the factual issues. *See* Fed. R. Evid. 602, 701. Accordingly, the Court grants Particle Media's Motion to Exclude Mr. Emmerich's expert testimony on fair use.

### iii.   Testimony that NewsBreak is Not a Search Engine

Finally, Emmerich Inc. proposes to offer expert testimony from Mr. Emmerich that "NewsBreak is neither a search engine nor a news aggregator." [34]

at 3. This proposed testimony fails, however, because Emmerich Inc. has not satisfied its burden to show that Mr. Emmerich is qualified to testify on this topic.

Before allowing expert testimony, a district court "must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Fed. R. Evid. 702). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002). The proposed expert "need not have specialized expertise in the area directly pertinent to the issue in question", but he must have "qualifications in the general field related to the subject matter in question." *MedARC, LLC v. Scott & White Health Plan*, No. 3:20-CV-3241-BH, 2022 WL 3042885, at *3 (N.D. Tex. Aug. 1, 2022) (citation omitted). If the party fails to meet this burden, then "[the] district court should refuse to allow [the] expert witness to testify." *Cooks*, 589 F.3d at 179.

In its Designation of Expert and Disclosure of Expert Testimony [24-1], Emmerich Inc. stated that Mr. Emmerich is a "recognized expert in the field of online publication, and the impact of copyright infringement . . . on the long-term viability of newspaper publishers." [24-1] at 2. And in his deposition Mr. Emmerich stated that his opinion that NewsBreak is not a search engine was based on:

> [His] decades of work in websites and in the [newspaper] industry and conversations with industry experts. [His] own visible visual testing of the websites and learning how they operate and how the data is presented. And numerous studies and analyses from various industry and

7

>trade associations of which I'm a member and have been over the years.

[59-7] at 5-6. Notably, Emmerich, Inc. never produced such studies or analyses to Particle Media. [60] at 18. Furthermore, Emmerich Inc. provided no other evidence supporting Emmerich's qualifications. In fact, Emmerich Inc.'s only response to Particle Media's claim that Mr. Emmerich was not a reliable expert witness as to this issue was that "Mr. Emmerich clearly has expertise to opine on the factors which go into determining whether the NewsBreak app is a search engine or news aggregator." [72] at 2-3.

Although "[t]he standard for qualifying expert witnesses is fairly liberal," *MedARC*, 2022 WL 3042885, at *3 (citation omitted), Emmerich, Inc. has not assured the Court that Mr. Emmerich is qualified to testify about whether NewsBreak is a search engine or news aggregator. Mr. Emmerich's qualifications in the general field of online publication do not sufficiently relate to whether a website or app is a search engine. Moreover, Emmerich Inc. has supplied no other evidence to prove by a preponderance of the evidence that Mr. Emmerich is qualified to testify on this topic. Thus, pursuant to its "gatekeeping" role, the Court grants Particle Media's Motion to Exclude Mr. Emmerich's expert testimony on this topic.

> iv.  Wyatt Emmerich's Remaining Testimony Does Not Satisfy Rule 702's Requirements

Based on Particle Media's motions, Emmerich Inc.'s responses, and the entire record, the Court concludes Mr. Emmerich's remaining testimony does not satisfy Rule 702's requirements. So, the Court strikes Mr. Emmerich as an expert witness.

As stated above, "[the] district court should refuse to allow [the] expert witness to testify" if a party fails to show by a preponderance of the evidence that expert testimony satisfies Rule 702. *Cooks*, 589 F.3d at 179.

After excluding Emmerich's testimony on actual damages, legal conclusions on fair use, and whether Newsbreak is a search engine, the Court determines that no proposed testimony remains to satisfy Rule 702. Mr. Emmerich's proposed remaining testimony includes:

- Emmerich Newspapers takes reasonable precautions and complies with industry standards in the manner in which it operates and maintains its websites to prevent the unauthorized theft of its proprietary information and news articles;

- Particle [Media] knew Emmerich Newspapers never consented to the theft and re-publication of its articles, and that Particle could easily have contacted Emmerich Newspapers to seek such permission but failed to do so;

- Particle's practice of excerpting portions of articles reduces the number of prospective readers who click through to Emmerich websites because they have already seen the essential elements of the story on NewsBreak; and

- Particle's business model poses a threat to the long-term viability of newspapers in the United States, particularly small-town newspapers such as those published by Emmerich Newspapers.

[34] at 2-3.

The first three statements directly relate to this lawsuit. Mr. Emmerich has personal knowledge of these matters, and they are "rationally based" on Mr. Emmerich's perceptions as a representative of Emmerich Inc. *See* Fed. R. Evid. 602,

9

701; [59-2] at 1. Therefore, Mr. Emmerich may testify to these issues as a lay person under Rule 701.

The last statement is irrelevant and unfairly prejudicial, and therefore inadmissible at trial. *See* Fed. R. Evid. 401-403. The sole remaining issue for trial is whether Particle Media violated federal copyright laws by publishing Emmerich Inc.'s articles. Whether Particle Media's business model "poses a threat" to small-town newspapers has no bearing on this issue. Instead, this statement could inflame the prejudices of the jury by pitting a "small-town" Mississippi company against a large out-of-state corporation. Accordingly, even if Mr. Emmerich were qualified as an expert witness under Rule 702, he could not testify to this matter at trial.

Mr. Emmerich's remaining testimony does not satisfy the requirements of Federal Rule of Evidence 702. The Court therefore precludes Wyatt Emmerich from testifying as an expert witness.

B.  Testimony of Gregory Griffith

Particle Media seeks to exclude any testimony by Gregory Griffith that Particle Media is not a search engine. Particle Media's Mem. Supp. Mot. Exclude Test. Gregory Griffith [61]. The Court denies Particle Media's motion as to Mr. Griffith's testimony because his proposed testimony satisfies the requirements of Federal Rule of Evidence 702.

The Court has a responsibility to ensure that any admitted expert testimony is relevant and reliable. *Daubert*, 509 U.S. at 589. "[T]he trial court's role as

gatekeeper is not intended to serve as a replacement for the adversary system," however. *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (per curiam). An expert need not "be highly qualified in order to testify about a given issue." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Rather, "[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.* "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (quoting *Daubert*, 509 U.S. at 596).

First, Mr. Griffith's proposed testimony is relevant. "The requirement [in Rule 702] that the testimony 'assist the trier of fact' means the evidence must be relevant." *Mathis*, 302 F.3d at 460 (citation omitted). "Evidence is relevant if it has any tendency to make a fact more or less probable . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. As Particle Media itself points out in its motion, "there is case law holding that search engines' use of copyrighted works is transformative, weighing in favor of a finding of fair use." [62] at 5 (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164-66 (9th Cir. 2007)). Mr. Griffith's testimony that NewsBreak is not a search engine tends to support the fact that its publication of Emmerich Inc.'s articles is not protected by the fair use doctrine. And as stated above, this is the main point of contention here. This fact is, therefore, of consequence in determining the action.

Second, the Court concludes by a preponderance of the evidence that Griffith's testimony is reliable. "The proponent [of an expert witness] need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). And as noted above, an "[expert] witness need not have specialized expertise in the area directly pertinent to the issue in question if the witness has qualifications in the general field related to the subject matter in question." *MedARC*, 2022 WL 3042885, at *3 (citation omitted). Emmerich Inc. provided Mr. Griffith's curriculum vitae detailing his experience in "software product design and development," as well as "web and mobile app development" in support of his proposed testimony. [24-1] at 5. The Court finds that Mr. Griffith's qualifications in software design and web development are sufficiently related to whether NewsBreak is a search engine. Furthermore, in his report, Mr. Griffith detailed his understanding of how the NewsBreak app worked at the time of the alleged infringements. *See id.* at 6-14. The Court finds that his testimony is reliable enough to satisfy the requirements of Rule 702.

Emmerich Inc. has satisfied its burden under Rule 702 as to Mr. Griffith's proposed testimony that NewsBreak is not a search engine. Any concerns Particle Media has about his testimony can be overcome by a vigorous cross-examination and the presentation of contrary evidence. The Court therefore denies Particle Media's Motion to Exclude Griffith's expert testimony.

IV.     Conclusion

The Court has considered all arguments raised by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Particle Media's Motion to Exclude the Expert Testimony of Wyatt Emmerich [59] and DENIES Particle Media's Motion to Exclude the Expert Testimony of Gregory Griffith [61].

SO ORDERED AND ADJUDGED this the 20th day of September, 2022.

s/<i>Kristi H. Johnson</i><br>
UNITED STATES DISTRICT JUDGE